UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| Linda Knox,<br><br>　　　　Plaintiff,<br><br>– against–<br><br><br>TD Bank USA, N.A., and Enhanced Recovery Company, LLC,<br><br>　　　　Defendant(s). | Civil Action No.<br><br><br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, Linda Knox (hereinafter "Plaintiff"), by and through her attorneys, Garibian Law Offices, P.C., by way of Complaint against Defendants, TD Bank USA, N.A. and Enhanced Recovery Company, LLC, alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## PARTIES

2. Plaintiff, Linda Knox, is an adult citizen of the Commonwealth of Massachusetts.

1

3. Defendant, TD Bank USA, N.A. ("TD Bank"), is a financial institution that is regularly engaged in the business of collecting debts in Delaware, with its principal place of business located at 2035 Limestone Road, Wilmington, DE 19808.

4. Defendant, Enhanced Recovery Company, LLC ("ERC"), is a for profit business entity organized and existing under the law of Delaware that is regularly engaged in the business of collecting debts in Delaware, with its principal place of business located at 8014 Bayberry Road, Jacksonville, FL 32256. The principal business purpose of ERC is the collection of debts using the mails and telephone, and ERC regularly attempts to collect debts alleged to be due to another.

5. ERC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Federal question jurisdiction arises pursuant to 15 U.S.C. § 1692.

8. Venue is proper in Delaware pursuant to 15 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Delaware.

## FACTUAL ALLEGATIONS

9. ERC attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to TD Bank.

10. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and constitutes a "debt" for purposes of 15 U.S.C. § 1692a(5).

11. On or about March 14, 2016, Plaintiff and ERC, on behalf of TD Bank, entered into a settlement agreement for Plaintiff's TD Bank account ending in 5490. A copy of the settlement agreement is attached hereto as Exhibit A.

12. Pursuant to the terms of the aforementioned settlement agreement, Plaintiff was required to make three (3) monthly payments totaling $460.00 to settle and close her TD Bank account.

13. Thus, Defendants acknowledged in writing that they had agreed to a settlement of Plaintiff's TD Bank account ending in 5490, in consideration for the payments which Plaintiff would be required to make.

14. Via her debt settlement company, National Debt Relief ("NDR"), Plaintiff timely made the first two payments to a trust account which was set up for purposes of funding the settlement.

15. Defendants, however, never withdrew the electronic settlement payments from Plaintiff's trust account. A statement of Plaintiff's trust account balances during the relevant time period is attached hereto as Exhibit B.

16. Although the funds were made available for Defendants, the payments were never withdrawn or processed, and therefore, were reversed back into Plaintiff's trust account.

17. Thereafter, on May 6, 2016, NDR contacted ERC to resolve the payment discrepancy. During that conversation, an ERC representative named David Moore stated that ERC would not accept the settlement payments.

18. Defendants' reneging on the settlement agreement with Plaintiff constitutes a breach of the settlement agreement, which was a binding legal contract.

19. ERC knew or should have known that its actions violated the FDCPA. Additionally, ERC could have acted in compliance with the FDCPA, but failed to do so.

20. ERC failed to adequately review its actions to ensure compliance with the FDCPA.

21. At all times pertinent hereto, Defendants acted by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendants.

22. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## COUNT I
(Breach of Contract)

23. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

24. Defendants acknowledged in writing that they had agreed to a settlement with Plaintiff, in consideration for the settlement payments, which Plaintiff would be required to make.

25. The settlement agreement constituted a legally binding contract.

26. Plaintiff timely made the first two requisite payments, in accordance with the settlement agreement.

27. Although the funds were made available for Defendants, the payments were never withdrawn or processed, and therefore, were reversed back into Plaintiff's trust account.

28. Defendants' reneging on the settlement agreement with Plaintiff was a breach of contract.

29. As a result, Plaintiff has suffered actual and monetary damages.

## COUNT II
(Breach of Implied Covenant of Good Faith and Fair Dealing)

30. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

31. Defendants owed Plaintiff an implied duty of good faith and fair dealing with respect to the settlement agreement entered into between Defendants and Plaintiff.

32. By way of the foregoing conduct, Defendants breached the implied covenant of good faith and fair dealing that they owed to Plaintiff with respect to the settlement agreement.

33. Defendants have acted unreasonably and in bad faith and deprived Plaintiff of the benefit of the bargain of the settlement agreement by refusing to perform their obligations under the settlement agreement.

34. As a result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered actual and monetary damages.

## COUNT III
(Fair Debt Collection Practices Act)

35. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

36. The above contacts between ERC and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

37. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

38. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt.

39. FDCPA 15 U.S.C. § 1692f(1) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law.

40. ERC violated the FDCPA by falsely and deceptively inducing Plaintiff to enter into a settlement agreement which it did not intend to adhere to and which it intended to breach.

41. ERC knew or should have known that its actions violated the FDCPA. Additionally, ERC could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the FDCPA.

42. As a result of the above violations of the FDCPA, ERC is liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands that judgment in the sum of $12,000.00 be entered against Defendants as follows:

(a) That judgment be entered against Defendants for actual and monetary damages accrued by Plaintiff as a result of Defendants' breach of contract;

(b) That judgment be entered against Defendants for actual and monetary damages accrued by Plaintiff as a result of Defendants' breach of the implied covenant of good faith and fair dealing;

(c) That judgment be entered against ERC for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(d) That judgment be entered against ERC for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(e) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(f) That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esquire (Bar No. 4962)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Counsel for Plaintiff*